May Chandler Goodan, et al. * v. Commissioner. Goodan v. Commissioner
Dockets Nos. 3033, 3036-3041.
United States Tax Court
1949 Tax Ct. Memo LEXIS 27; 8 T.C.M. (CCH) 1119; T.C.M. (RIA) 46165; November 30, 1949
*27 ARNOLD Order Denying Respondent's Motion to Reconsider and set Aside Findings of Fact and Opinion ARNOLD, Judge: On June 7, 1949 respondent filed separate motions, (1) to vacate our decisions entered May 24, 1949, and (2) to reconsider and set aside our findings of fact and opinion. The motions were argued in Los Angeles and the parties granted until July 28, 1949 and August 29, 1949 for briefs and reply briefs, respectively. On August 15, 1949 we vacated our decisions, pending action upon respondent's motion to reconsider and set aside our findings of fact and opinion. Full and complete consideration having been given to the parties' briefs and reply briefs on the motion and to our findings of fact and opinion, in , it is ORDERED: That respondent's motion to reconsider and set aside our findings of fact and opinion, be and the same is hereby denied for the reasons briefly set forth in the memorandum accompanying this order. Should an attempt be made under the power of appointment to appoint corpus to heirs generally at death, the possession and control thereof would be held in abeyance until the death of the last survivor of the 21 named individuals. *28 Corpus could not pass at death to heirs-at-law generally as the Supreme Court of California in the Bixby case said would be necessary to give trustors such rights of control as would make them in effect owners of the corpus. As the trustors could not vest the unrestricted use, possession and control of the corpus in their heirs-at-law at death, their appointees, whether heirs-at-law or others, would be in no better position under California law. In other words, the appointees take their interests subject to the terms of the trust agreement. For the foregoing reasons the decisions vacated August 15, 1949 will be reentered. Memorandum Accompanying Order The principal ground for respondent's motion is that , cited and relied upon in our report, was reversed by the Supreme Court of California in , which was subsequent to the time this case was submitted to us. Respondent contends that under the California law, as restated by its Supreme Court in the 1949 Bixby decision, the present trust created no remainder interests in the heirs-at-law *29 and the trust is revocable and terminable. In its 1949 Bixby decision the California Supreme Court clearly stated the general rule to be: "Where the trustor is the sole beneficiary * * *, he can compel termination in the absence of a showing of incapacity or other reason why he should not be permitted to exercise control over his property * * *." (Italics supplied). And with equal clarity the California Supreme Court stated the following limitation or exception to the general rule: "On the other hand, if remainder interests were created in plaintiff's (Bixby) heirs, they were also beneficiaries, and the court could not terminate the trust without their consent." (Italics supplied). Whether remainder interests were created in the trustor's heirs-at-law is a matter of intent according to the California Supreme Court. And where the trustor creates a life estate in himself with a gift over to his heirs he ordinarily intends the same thing as if he had given the property to his estate; he does not intend to make a gift to any particular person but indicates only that upon his death the residue of the trust property shall be distributed according to the general laws governing succession, *30 and he does not intend to create in any persons an interest which would prevent him from exercising control over the beneficial interest. See . Under well recognized rules of construction of written instruments all provisions of a trust indenture must be given consideration in arriving at the intent of the parties thereto. No trustor here provided for the termination of the trust on his or her death with gift over to heirs generally as in the Bixby case. On the contrary each trustor provided that upon his or her death trust income should go to a particular person, the spouse. In the event the spouse predeceased the trustor, the trust income was given to a particular class of persons, the issue. If no spouse and no issue survived the trustor then gave the trust income to the living heirs of the trustor until the termination of the trust. Similarly the trustor provided that upon termination of the trust the trust corpus was vested in and distributable to a particular class, namely, his or her then living issue, per stirpes; and if none survived, trust corpus was to go, upon termination of the trust, to the living heirs-at-law, the identity and respective *31 shares to be determined by California law in force at the time of the trustor's death. It was only after the natural objects of the trustor's bounty ceased to exist that the California law of succession was to take its course.
Nor could the trustors under the power of appointment reserved to them in Art. III of the trust instrument vest at death such an interest in the corpus as heirs generally take under California law. This is so for the reason that Art. IV fixes the termination of the trust upon the death of the last survivor of 21 named individuals. Art. IV is irrevocable. Art IX expressely prohibits the trustors from doing anything directly or indirectly, that would terminate the trust prior to the expiration of the fixed term thereof, to vest the unrestricted ownership, use, profession and control of trust corpus in themselves or in their appointees, at or prior to the expiration of the fixed term of the trust. Footnotes
*. Proceedings of the following petitioners are consolidated herewith: Marian Otis Chandler; Norma Chandler; Philip Chandler; Constance Chandler Crowe; Helen Chandler Garland; and Ruth C. Williamson.↩